# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Mitchell David Holbach, | ) |
| Plaintiff, | ) |
| | ) Case No. 3:13-cv-38 |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| State of North Dakota, County of Ward, | ) |
| City of Minot, Wayne Stenehjem, Roza | ) |
| Larson, and John [Last Name Illegible], | ) |
| | ) |
| Defendants. | ) |

Plaintiff Mitchell David Holbach ("Holbach") submitted for filing a complaint and an application to proceed *in forma pauperis* ("IFP").[1] The court initially granted Holbach's request to proceed IFP, failing to recognize that Holbach is subject to the requirements of the Prison Litigation Reform Act ("PLRA"). Thereafter, the court vacated its order granting Holbach's application to proceed IFP. Holbach is a serial litigator and is subject to the PLRA's "three strikes" provision, codified at 28 U.S.C. § 1915(g). Holbach has not established he is under imminent danger of serious physical injury, which is required to proceed IFP. See 28 U.S.C. § 1915(g). Accordingly, it is **RECOMMENDED** that Holbach's motion to proceed IFP be denied.

Holbach is currently confined in connection with state criminal proceedings at the North Dakota State Hospital. Holbach was charged in state district court with terrorizing, and it was determined in his criminal case that he was not competent to understand the proceedings or assist in his defense. See State v. Holbach, N.D. Sup. Ct. No. 20130016 (pending appeal to determine whether the state district court erred in finding Holbach was not fit to proceed to trial); State v.

---

[1] The document which was filed as Holbach's complaint is titled as a petition for protective relief. (Doc. #6).

Holbach, Ward County, Case No. 51-11-K-00480, Doc. #848 (finding that Holbach lacked fitness to proceed and order of commitment). The terrorizing charge is still pending against Holbach. See State v. Holbach, Ward County, Case No. 51-11-K-00480. Accordingly, Holbach is a pretrial detainee and is a "prisoner" subject to the requirements of the PLRA. See 28 U.S.C. § 1915(h) (The term "prisoner" includes "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law . . . ."); Kalinowski v. Bond, 358 F.3d 978, 979 (7th Cir. 2004) ("For a person held on unresolved criminal charges . . . there is no difficulty at all" in determining that he fits within the PLRA's definition of "prisoner."); Sailee v. Anoka County, No. 08–CV–6043, 2009 WL 57032, *1 n. 1 (D.Minn. Jan. 7, 2009) (If plaintiff was committed in a criminal case and has pending criminal charges in that case, then he is a prisoner subject to the PLRA.); (Banks v. Thomas, No. 11–301–GPM, 2011 WL 1750065, *2 (S.D.Ill., May 6, 2011) (finding that persons unfit to stand trial are pretrial detainees and are prisoners subject to the PLRA); Ruston v. Church of Jesus Christ of Latter-Day Saints, No. 2:06–CV–526, 2007 WL 2332393, *1 (D.Utah, Aug. 13, 2007) (holding that individuals confined for a determination of mental competency to stand trial are pretrial detainees subject to the requirements of the PLRA).

Under 28 U.S.C. § 1915(g) a prisoner may not bring a civil action IFP if he has on three or more prior occasions brought actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. This court has previously determined Holbach has at least "three strikes."[2] See Holbach v. State, D.N.D. Case No. 1:11-cv-52, Doc. #8

---

[2] The cases in which Holbach accumulated strikes are Holbach v. Murphy, No. 4:08–cv–074, 2008 WL 4661481 (D.N.D. Oct. 20, 2008), aff'd, No. 08–3741 (8th Cir. Aug. 13, 2009); Holbach v. McLees, No. 4:09–cv–025, 2009 WL 1688180 (D.N.D. June 16, 2009), aff'd, 366 F. App'x 703 (8th Cir. 2010); Holbach v. Jenkins, No. 4:09–cv–026, 2009 WL 2382756 (D.N.D. July 30, 2009), aff'd, 366 F. App'x 703 (8th Cir. 2010); and Holbach v. Attorney General of North Dakota, No. 1:09–cv–067, Docket No. 5 (D.N.D. November 5, 2009), aff'd 366

2

(order denying Holbach's application to proceed IFP and detailing Holbach's litigation history, including those actions which count as strikes). 28 U.S.C. § 1915(g) prevents a prisoner with "three strikes" from proceeding IFP unless the inmate is under imminent danger of serious physical injury. See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (imminent danger must exist at the time of the filing of the complaint or appeal). Holbach does not explicitly state he is under imminent danger of serious physical injury. (See Doc. #6). Holbach's complaint generally makes numerous allegations regarding past and current state criminal and civil actions. Id. After reviewing the entire complaint, the court could infer Holbach is alleging he is under imminent danger of serious physical injury by his statements that he is "being abused" and that "[t]hey are trying to kill [him] by drugging [him] to shut [him] up and silence [him] to effect a cover-up." (Doc. #6, p. 10).

Conclusory statements by inmates that defendants are trying to kill them fail to satisfy the imminent danger exception. See Martin, 319 F.3d at 1050 ("[C]onclusory assertions that defendants were trying to kill [plaintiff] by forcing him to work in extreme conditions despite his blood pressure condition . . . [are] insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.") (citation omitted). Additionally, forced administration of medication does not necessarily create an imminent danger of serious physical injury. See Robinson v. Stoddard, No. 1:13-cv-754, 2013 WL 3974715, *2 (W.D.Mich. Aug. 2, 2013) (finding plaintiff's claim that being subjected to forced unidentified medication is life-threatening is "wholly irrational" and does not implicate the imminent danger exception);

---

F. App'x 702 (8th Cir. 2010).

Smith v. Rohling, Civ. No. 0–3184–SAC, 2011 WL 1326038, *2 (D.Kan. Apr. 6, 2011) (holding the involuntary administration of psychotropic medication following a hearing and physician review did not put inmate in imminent danger of serious physical harm) Martin v. Kazulkina, No. 12-CV-14286, 2013 WL 3835197, *1 n.2 (E.D.Mo. Apr. 15, 2010) (Medication that caused plaintiff "to be tired, have numbness in his penis, and suffer from erectile dysfunction," and the threat that he be placed in administrative segregation should he refuse the medication did not show imminent danger of serious physical injury.); James v. Upshaw, No. 09-0020-WS-C, 2009 WL 2567833, *4 (S.D.Ala. Aug. 17, 2009) ("A statement by Plaintiff that the shots are making him 'crazy' is not sufficient to show imminent danger of serious physical injury."); Staley v. Yu, No. 9:07-159-PMD-GCK, 2007 WL 1149874, *1 (D.S.C. Apr. 11, 2001) (Failure to demonstrate that forced psychotropic medication was necessarily dangerous or that it caused the plaintiff to suffer any specific injury did not meet the showing of imminent physical harm required under § 1915(g).); Richardson v. Butler, No. 504CV187C, 2004 WL 1933221, *1 (N.D.Tex. Aug. 27, 2004) (plaintiff subjected to forced medication was not under imminent danger of serious injury).

Holbach does not state in this action who is "drugging" him and abusing him, or how he is being abused other than by being drugged. The court presumes Holbach is referring to forced medication to which he is subject at the North Dakota State Hospital.[3] Holbach does not identify the medications defendants are using to "drug" him, although the court presumes they are

---

[3] Holbach stated in another case before this court that the defendants in that action, some of whom are also named in this action, were seeking to have him forcibly medicated. See Holbach v. Schwetzer, D.N.D. Case No. 3:13-cv-37, Doc. #5, pp. 2, 8.

4

psychotropic medications.[4] Holbach does not state he has suffered any side effects from the medication, and he does not allege the medication is being administered without a court order. Holbach's statements that he is being drugged and abused in an effort to silence and kill him are conclusory and seemingly irrational. Given the circumstances, Holbach has failed to demonstrate he is under imminent danger of serious injury. It is **RECOMMENDED** that Holbach's motion to proceed IFP (Doc. #2) be denied, and that his case be **DISMISSED** without prejudice to reopening upon the payment of the filing fee.[5] It is further **RECOMMENDED** that the court find any appeal would be frivolous, could not be taken in good faith, and may not be taken IFP.

### NOTICE OF RIGHT TO OBJECT

Pursuant to Local Court Civil Rule 72.1(D)(3), Holbach may file written objections to this Report and Recommendation by January 17, 2014. Failure to file objections may result in the recommended action being taken.

Dated this 30th day of December, 2013.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge

---

[4] In a separate case before this court, Holbach listed three psychotropic medications that the defendants in that action, some of whom are also named in this action, were seeking to have Holbach medicated with, including Risperidone, Olanzapine and Haloperidol. See Holbach v. Schwetzer, D.N.D. Case No. 3:13-cv-37, Doc. #5, p. 8.

[5] Holbach's complaint was filed when the court originally granted his application to proceed IFP.